UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PAMELA K. HOWES,                    )
                                    ) No. CV-08-00232-JPH
          Plaintiff,                )
                                    ) ORDER GRANTING DEFENDANT'S
v.                                  ) MOTION FOR SUMMARY JUDGMENT
                                    )
MICHAEL J. ASTRUE, Commissioner     )
of Social Security,                 )
                                    )
          Defendant.                )
                                    )
_____     )

        BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on June 8, 2009.  (Ct. Rec. 20,
25).  Attorney Maureen J. Rosette represents Plaintiff; Special
Assistant United States Attorney Willy M. Le represents the
Commissioner of Social Security.  The parties have consented to
proceed before a magistrate judge. (Ct. Rec. 9.) Plaintiff filed
a reply on May 28, 2009.  (Ct. Rec. 27.)  After reviewing the
administrative record and the briefs filed by the parties, the
court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 25)
and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 20).

                          **JURISDICTION**

        Plaintiff protectively filed an application for supplemental
security income (SSI) benefits on April 15, 2004, alleging
degenerative disc disease, status post bilateral shoulder
reconstruction, status post carpal tunnel release, depression, and
anxiety. (Tr. 103-105.)  Plaintiff amended the onset date to April

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 1 -

15, 2004, at the August 23, 2007, following the Appeals Council's remand. (Tr. 604.) The application was denied initially and on reconsideration. (Tr. 66-69, 72-73.)

The first hearing before Administrative Law Judge (ALJ), Richard A. Say took place June 14, 2006.  Plaintiff, represented by counsel, and vocational and vocational expert Daniel R. McKinney testified. (Tr. 617-641.)  On July 12, 2006, the ALJ issued his first unfavorable decision.  (Tr. 43-51.)  As noted, the Appeals Council vacated the decision and remanded for further proceedings.  (Tr. 54-56.)  A supplemental hearing was held on August 23, 2007.  Plaintiff and VE Tom L. Moreland testified. (Tr. 598-614.)  On September 20, 2007, the ALJ issued an unfavorable decision.  (Tr. 20-32.)

The Appeals Council received additional evidence and denied review on July 24, 2008. (Tr. 9-12.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on July 23, 2008. (Ct. Rec. 1, 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 46 years old on the date of the hearing and decision.  (Tr. 600.)  She has a high school education and earned three A.A.S. degrees in 1994.  (Tr. 139, 619.)  Plaintiff has worked as a home attendant and housekeeper.  (Tr. 605-606.) She testified she can drive about 30 miles.  (Tr. 633.)  She can sit

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 2 -

in a chair 10-15 minutes before having to move.  (Tr. 629.)  She needs to lay down 5 to 6 times a day for 2 to 3 hours each time. (Tr. 629-630.)  Plaintiff can stand 10 to 15 minutes and walk nine blocks.  (Tr. 630.)

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 3 -

1 416.920(a)(4)(ii).

2    If plaintiff does not have a severe impairment or combination
3 of impairments, the disability claim is denied.  If the impairment
4 is severe, the evaluation proceeds to the third step, which
5 compares plaintiff's impairment with a number of listed
6 impairments acknowledged by the Commissioner to be so severe as to
7 preclude substantial gainful activity.  20 C.F.R. §§
8 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
9 App. 1.  If the impairment meets or equals one of the listed
10 impairments, plaintiff is conclusively presumed to be disabled.
11 If the impairment is not one conclusively presumed to be
12 disabling, the evaluation proceeds to the fourth step, which
13 determines whether the impairment prevents plaintiff from
14 performing work which was performed in the past.  If a plaintiff
15 is able to perform previous work, that Plaintiff is deemed not
16 disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
17 At this step, plaintiff's residual functional capacity (RFC)
18 assessment is considered.  If plaintiff cannot perform this work,
19 the fifth and final step in the process determines whether
20 plaintiff is able to perform other work in the national economy in
21 view of plaintiff's residual functional capacity, age, education
22 and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
23 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

24    The initial burden of proof rests upon plaintiff to establish
25 a *prima facie* case of entitlement to disability benefits.
26 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*
27 *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
28 met once plaintiff establishes that a physical or mental

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

1  impairment prevents the performance of previous work.  The burden

2  then shifts, at step five, to the Commissioner to show that (1)

3  plaintiff can perform other substantial gainful activity and (2) a

4  "significant number of jobs exist in the national economy" which

5  plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

6  Cir. 1984).

7                    **STANDARD OF REVIEW**

8        Congress has provided a limited scope of judicial review of a

9  Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

10  the Commissioner's decision, made through an ALJ, when the

11  determination is not based on legal error and is supported by

12  substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

13  (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

14  1999).  "The [Commissioner's] determination that a plaintiff is

15  not disabled will be upheld if the findings of fact are supported

16  by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572

17  (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence

18  is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

19  1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

20  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

21  *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

22  573, 576 (9th Cir. 1988).  Substantial evidence "means such

23  evidence as a reasonable mind might accept as adequate to support

24  a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

25  (citations omitted).  "[S]uch inferences and conclusions as the

26  [Commissioner] may reasonably draw from the evidence" will also be

27  upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

28  On review, the Court considers the record as a whole, not just the

evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 22.) At steps two and three, the ALJ found that plaintiff suffers from degenerative disc disease status post fusion at L5-S1, status post bilateral shoulder reconstruction, status post carpal tunnel release, depression, and anxiety, impairments that are severe but which do not alone or in combination meet or medically equal a Listing impairment. (Tr. 22, 27.) The ALJ found plaintiff less than completely credible. (Tr. 29-30.) At step four, relying on the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                   - 6 -

VE, the ALJ found plaintiff is unable to perform past relevant
work.  (Tr. 31.)  At step five, again relying on the VE, the ALJ
found plaintiff can perform other work, such as small products
assembly, cashier II, laundry worker and ticket seller.  (Tr. 32.)
Because the ALJ found plaintiff could perform work, she was found
not disabled at step five.  Accordingly, the ALJ found that
plaintiff is not disabled as defined by the Social Security Act.
(Tr. 32.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of
law by failing to properly weigh the opinions of (1) treating
physicians Michael Sikora, M.D., and H. Graeme French, M.D.; (2)
VE Robert Cornell, and (3) examining psychologist Dennis Pollack,
Ph.D.  (Ct. Rec. 21 at 13-19.)  The Commissioner responds that
the ALJ appropriately weighed the evidence asks the Court to
affirm his decision.  (Ct. Rec. 26 at 6-7.)  Following remand from
the Appeals Council, the ALJ was directed to adequately evaluate
Dr. Sikora's opinions, limit consideration of past relevant work
to jobs performed in the past 15 years, and obtain an updated VE's
opinion. (Tr. 54-55.)

**DISCUSSION**

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908.  The effects of all symptoms must be
evaluated on the basis of a medically determinable impairment
which can be shown to be the cause of the symptoms. 20 C.F.R. §

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 7 -

416.929.  Once medical evidence of an underlying impairment has
been shown, medical findings are not required to support the
alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d
341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th
Cir. 1989).  However, the treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir. 1989) (citations omitted).  More weight is given to
a treating physician than an examining physician.  *Lester v.
Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more
weight is given to the opinions of treating and examining
physicians than to nonexamining physicians.  *Benecke v. Barnhart*,
379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining
physician's opinions are not contradicted, they can be rejected
only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830.
If contradicted, the ALJ may reject an opinion if he states
specific, legitimate reasons that are supported by substantial
evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44
F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical
advisor, the ALJ must have other evidence to support a decision to
reject the opinion of a treating physician, such as laboratory
test results, contrary reports from examining physicians, and
testimony from the claimant that was inconsistent with the
treating physician's opinion.  *Magallanes v. Bowen*, 881 F.2d 747,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 8 -

751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th
Cir. 1995).

A. <u>Physical impairments</u>

     Plaintiff contends that the ALJ failed to properly credit
the opinions of treating physicians Drs. Sikora and French.  In
April of 2004, Dr. Sikora opined plaintiff's cervical, lumbar and
right shoulder pain caused marked limitations with respect to
lifting, carrying, sitting, standing and walking.  (Tr. 277-278.)
As the Commissioner and the ALJ correctly observe, Dr. Sikora
opined plaintiff's overall work level was severely limited.  (Ct.
Rec. 26 at 8, referring to Tr. 278.)  Dr. Sikora limited
repetitive lifting to five pounds with the right hand and ten with
the left.  He opined plaintiff needed to change positions every 5-
10 minutes.  (Tr. 278, 286.)

     The ALJ points out that while Dr. Sikora's assessment may
have been accurate in April of 2004, around the onset date of
April 15, 2004, plaintiff underwent a series of successful
surgeries after the opinion was rendered.  (Tr. 24-26, 30.)  The
record does not establish any continuous 12 month period of
disability as required by the Act.  The ALJ notes Dr. French
performed an arthroscopic repair of plaintiff's right shoulder in
November of 2004.  (Tr. 24, referring to Exhibit 25F at Tr. 457-
458.)  The following month, Dr. French reported plaintiff was
doing very well.  By March of 2005, plaintiff's neurologic
symptoms and neck tightness were significantly better.  Plaintiff
had normal sensory examination in her right hand and did pretty
well with her right arm, although her left shoulder was worse.
(Tr. 25, referring to Tr. 487.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 9 -

Accordingly, on June 23, 2005, Dr. French performed an arthroscopic examination and anterior Barkart repair on the left shoulder. By September of 2005, Dr. French opined plaintiff was doing very well and the prognosis was good. The ALJ notes Dr. French recommended partial disability for six months for her left shoulder limitations. Dr. French noted no right shoulder neurologic symptoms. (Tr. 25, referring to Tr. 475-477, 486-492.) Dr. French stated: "Off work for 2 to 4 weeks in sedentary work only." (Tr. 477.)

The ALJ considered Dr. Sikora's recommendation that plaintiff engage in non-physical labor in the future. Dr. Sikora felt this was appropriate, in part, because plaintiff "(has [a] business degree background.)" (Tr. 506.)

In March of 2006, Dr. French's nerve conduction studies showed very mild results. He thought plaintiff might improve on her own. (Tr. 25, referring to Tr. 493B.) The Appeals Council considered Dr. French's post-hearing letter dated May 23, 2008. (Tr. 595.) Dr. French indicated plaintiff's attorney had given him a copy of the physical assessment by VE Robert Cornell:

> It showed that Ms. Howes has severely impaired manual dexterity and that she is below the tenth percentile in all hand functions. Her assessment is consistent with her persistent nerve symptoms and dystonia. The assessment also supports her contention that she is unable to maintain reasonably continuous full time employment.

(Tr. 595.)

In May of 2007, VE Robert Cornell performed the vocational evaluation relied on by Dr. French. (Tr. 186-189.) Mr. Cornell notes plaintiff complains of numbness in both hands and in her right arm. Currently she "does not take any medication." (Tr.

186.)  At the beginning of testing, plaintiff indicted she was experiencing some numbness and tingling in her right thumb and arm. (Tr. 188.) She reported shoulder and neck pain beginning early in the test. (Id.) Mr. Cornell indicates plaintiff's dexterity test results are in the below average range for all subtests.  (Tr. 189.)  He opined plaintiff would have difficulty "functioning on [in] jobs that require use of the upper extremities with regard to reaching, handling and fingering. . . She would be precluded from pursuing jobs in the assembly, packaging and sorting area.  Jobs requiring using a computer would be contraindicated." (Tr. 189.)

        To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible.  (Tr. 29.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

        It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 11 -

convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility: inconsistent statements, activities inconsistent with degree of impairment alleged, lack of physical findings on examination, and noncompliance with medication.  (Tr. 29-30.)

The ALJ notes plaintiff testified she lies around during the day and watches television; the record does not indicate plaintiff is medically limited to this extent.  (Tr. 29.)  The court notes that in her report supporting the most recent application, plaintiff indicated she shops for groceries twice per month, pays all of the bills for the household (she lived with her son at the time), watches television for 2 hours, naps, drives, reads, and has no hobbies.  (Tr. 158-161.)  The ALJ notes plaintiff inconsistently told examining psychologist Dr. Pollack she lost her last job after testing positive for THC, and told another examining psychologist (Debra Brown, Ph.D.) she quit to undergo surgeries.  (Tr. 29.)  MRI's of plaintiff's thoracic and lumbar spine showed only mild findings; the cervical spine showed mild to moderate disc bulges, but no neurological compromise.  Motor, sensation and reflexes test results are normal. (Tr. 30.)

The ALJ relied on plaintiff's statement to Dr. Brown in May of 2004 that she enjoyed baking, camping and walking.  She performed housekeeping chores without any problems. (Tr. 29, referring to Exhibit 13F at Tr. 282-283.)  The ALJ notes at Tr. 29

that plaintiff's treating physician, Dr. Sikora, "eventually fired
her from practice for violating her pain contract" after
urinalysis tests for marijuana were positive. (See Tr. 451:
positive test for cannabinoids on May 19, 2004, and Tr. 449: same,
on December 15, 2004.) The ALJ's reasons for finding plaintiff
less than fully credible are clear, convincing, and fully
supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947,
958-959 (9th Cir. 2002)(proper factors include inconsistencies in
plaintiff's statements, inconsistencies between statements and
conduct, and extent of daily activities). Noncompliance with
medical care or unexplained or inadequately explained reasons for
failing to seek medical treatment also cast doubt on a claimant's
subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v.
Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

    The ALJ considered the records and opinions of other treating
doctors and examining psychologists when he weighed Dr. Sikora's
opinion. None assessed any impairment similar to Dr. Sikora's.

    To the extent the ALJ rejected the contradicted marked
impairments assessed by Dr. Sikora, he did so for several reasons:
(1) the 2004 opinion became outdated following plaintiff's
successful surgeries; (2) Dr. Sikora opined plaintiff was capable
of work as long as it is "non-physical," meaning he did not find
her unable to work, despite the assessed marked limitations; (3)
the results of objective testing do not support marked impairment,
and (4) plaintiff's admitted activities are inconsistent with Dr.
Sikora's assessed marked limitations. (Tr. 23-26, 29-30,
referring to Exhibts 9F, 28F, 29F.) These reasons are specific,
legitimate, and fully supported by the evidence. *See Lester v.*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                            - 13 -

*Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995) (holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

With respect to Mr. Cornell's opinion, the Commissioner accurately observes that he is not an acceptable medical source. (Ct. Rec. 26 at 12.)  In addition, there is no showing that this opinion could not have been obtained earlier and presented to the ALJ for his consideration.

This court has jurisdiction to remand matters on appeal for consideration of newly discovered evidence. *Goerg v. Schweiker*, 643 F.2d 582, 584 (9th Cir. 1981); 42 U.S.C. § 405(g).  Section 405(g) expressly provides for remand where new evidence is material and there is good cause for the failure to incorporate the evidence in a prior proceeding. *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).  To meet the materiality requirement, the new evidence must bear directly and substantially on the matter. *Id*.  If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied. *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984).  At a minimum, such evidence must be probative of mental or physical impairment. *Hall v. Secretary of Health and Human Services*, 602 F.2d 1372, 1377 (9th Cir. 1979).

Plaintiff's "new evidence" includes a letter written by VE Mr. Cornell dated May 1, 2007 - nearly a year after the first hearing, and four months before the second ALJ hearing.  Relying on this letter, Dr. French opined on May 23, 2008,  that Mr.

Cornwell's vocational assessment shows plaintiff has "severely impaired manual dexterity and that she is below the tenth percentile in all hand functions." (Tr. 595, relying on Tr. 189.) The Appeals Council admitted Dr. French's 2008 letter as an additional exhibit. (Tr. 12, 595.)  Plaintiff, however, offers no reason why she had not solicited this information from Dr. French earlier so that the ALJ could consider it. The obvious explanation is that when she failed to succeed on her disability claim in the agency hearings, she sought out a new favorable opinion to better support her position.  The "good cause" requirement would "be meaningless if such circumstances were sufficient to allow introduction of new evidence." *Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir. 1984).

Since plaintiff failed to meet the "good cause" requirement, the court declines remanding the case for consideration of new evidence.

To be material, the new evidence must bear directly and substantially on the matter in issue. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).  Also, there must be a reasonable possibility that the new evidence would have changed the outcome if it had been before the Secretary. *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380-81 (9th Cir. 1984).

The materiality inquiry does not apply when the Appeals Council has already made the new evidence part of the record.  See *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (when claimant submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, "[w]e may properly consider the additional materials because the Appeals Council

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 15 -

addressed them in the context of denying Appellant's request for review").  *See also Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984) ("a remand to the Secretary to consider additional evidence not contained in the administrative record . . . [is] provided for by [42 U.S.C. § 405(g)] where the new evidence is material and there is good cause for the failure to incorporate such evidence in the record in a prior proceeding.").

Plaintiff fails to show good cause for not having obtained and offered the evidence earlier.  A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir.1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied").

Plaintiff fails to explain why she did not seek or could not have obtained a medical evaluation of her manual dexterity, such as Dr. French's post-decision letter of May 23, 2008, before the ALJ hearing.  (Tr. 595.)

In addition, Dr. French's post-decision opinion refers to plaintiff's nerve symptoms, which the ALJ found were treated or not supported by objective testing.  An exam in March of 2005, almost a year after onset, showed right hand sensory as normal (Tr. 24, referring to Exhibits 25F, 26F and 28F).  Nerve conduction studies in March of 2006 showed evidence of a pronator cubital tunnel and carpal tunnel, mostly on the left.  Plaintiff

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 16 -

had bilateral brachial plexus residuals from her shoulder
subluxation, which were basically very mild. Dr. French opined
plaintiff might get better on her own (Tr. 25, referring to
Exhibit 28F).  Nerve conduction studies in June of 2007 were
consistent with carpal tunnel syndrome on the right and bilateral
cubital tunnel syndrome (Tr. 27, referring to Exhibit 41F).  The
ALJ states that plaintiff "has had carpal tunnel surgery on her
right wrist, with nerve conduction studies showing a continued
carpal tunnel syndrome, which would limit her ability to lift and
carry."  (Tr. 30.)  Accordingly, the ALJ took these limitations
into account when he assessed plaintiff's RFC, and limited
reaching overhead with either hand to occasionally.  (Tr. 28.)

In addition, the court notes plaintiff's Tinnel test on the
right was mildly positive in 2001 and she did not appear to be a
surgical candidate (Tr. 410-411).  On March 13, 2002, plaintiff
sought referral from Dr. Sikora for carpal tunnel release
surgeries on both her left and right wrists. (Tr. 429.)  She
returned May 8, 2002, having seen none of the physicians to whom
she was referred by Dr. Sikora, including Dr. Derby for CTS. (Tr.
433.)

Again, on November 26, 2002, plaintiff advised Dr. Sikora she
had not seen Dr. Derby for CTS.  Dr. Sikora gave her a new
referral to Dr. Clark for repeat nerve conduction studies (Tr.
339-440).  Right carpal tunnel release was performed in 2003, with
the left planned in the near future. (Tr. 235.)  On November 12,
2003, plaintiff opined that because the carpal tunnel release
performed on the right wrist did not work, she declined the
surgery on her left wrist.  (Tr. 441).  In 2005, Dr. French opined

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 17 -

plaintiff could perform sedentary work only for 2-4 weeks, she would be "partially disabled" due to recovering from shoulder surgery, and her prognosis was good. (Tr. 477.)  On May 7, 2006, Dr. French noted plaintiff had been assaulted.  She "gets numbness in both hands that is not clinically clear."  (Tr. 559.)

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

The ALJ's assessment of the opinions of treating physicians and of plaintiff's credibility is supported by the record and free of legal error.  To the extent the ALJ discounted some of the conflicting medical opinions, his reasons are specific, legitimate and supported by the record.

B. Psychological impairments

Plaintiff alleges the ALJ improperly discounted Dr. Pollack's assessed marked limitations.  (Ct. Rec. 21 at 18-20.) In addition to Dr. Pollack's opinion, the ALJ considered the May 2004 opinion of examining psychologists Debra Brown, Ph.D., and Shawn Horn, Psy.D., that plaintiff did not endorse symptoms to meet the DSM-IV criteria for mental illness.  (Tr. 24.)  They examined plaintiff shortly after onset:

Ms. Howes reported she is unable to work due to multiple medical problems.  She stated she hoped GAU would enable

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 18 -

her to have 'shoulder surgery' and to receive 'grief counseling.' She reported she requires surgery on her shoulder, has arthritis, [a] pinched nerve in her back, 'numbness and tingling in her hands' and 'thoracic outlet syndrome.' She reported the onset of her physical problems began in 1991 following her 'first motor vehicle accident.' She reported having a history of 'four car wrecks and one slip and fall.' She reported she is currently applying for SSI, which she has been denied 'three times.'

In addition to the medical difficulties listed above, she reported experiencing headaches, nausea, PMS and fainting spells. She reported being on multiple medications for her physical health (which include 30 mg of morphine and 40 mg of percocet) and zoloft 'for depression.' She reported experiencing 'depression' since her son died on July 13, 2001. She reported a truck hit her fifteen-year-old son at that time. Since then she has experience[d] grief. Reported symptoms include frequent crying. She denied any difficulties with sleep or appetite and did not endorse symptoms to meet DSM-IV criteria for Depression.

. . . She reported graduating from high school and has 'three degrees' in 'credit and finance management, general business, and business occupation.'

. . . She has no problems with money management or housecleaning. . . She enjoys baking, camping and walking. A typical day includes getting her son 'off to school, I lay back, read a paper, call friends, putter around the house and clean dishes.' She reported she is physically unable to move until she takes her medications.

Ms. Howes did not endorse symptoms to meet DSM-IV criteria for mental illness. Due to this fact I am unable to identify any mental health problems that would interfere with her ability to work at this time. I recommend a medical evaluation to determine if her reported difficulties are valid. If no medical issues are found, a diagnosis of somatic or conversion disorder would be indicated.

I do not recommend an SSI track.

(Tr. 280-283.)

The ALJ points out that the May 2006 opinion of Dr. Pollack is internally inconsistent, because he opined plaintiff has marked limitations (of pace and the ability to perform activities within a schedule), yet he assessed a GAF of 60, indicating only mild to

moderate symptoms. (Tr. 25, referring to Exhibit 31F at 515, 517.) Contrary to plaintiff's argument, the ALJ's reasons for discounting Dr. Pollack's opinion are specific, legitimate, and supported by substantial evidence.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 25)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 11th day of June, 2009.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE